IN THE MATTER OF THE ASSIGNMENT OF AMANDUS EBERT.

*Deed of Assignment—Chattel Mortgage—Priority.*

Where a person in failing circumstances, to secure an indebtedness to his wife, who was ·in Europe at the time, executed a chattel mortgage to her, and fraudulently procured an attorney to sign and swear to the affidavit to the same as her agent, and caused it to be filed, before a deed of assignment executed by him; *Held,* that the mortgage was void as against the creditors of the mortgagor.

*Decided July* 18, 1889.

AMANDUS EBERT was engaged in business at the time of his assignment on the 19th day of December 1888. At this time he was indebted to his wife in the sum of $14,773. There is no dispute as to this indebtedness. In order to secure the same he executed a chattel mortgage to his wife, Martha Ebert, on the 19th day of December 1888, which was duly filed before the deed of assignment.

From the evidence it appears that at the time of the execution of this chattel mortgage, Martha Ebert was in Europe. The assignor finding himself in failing circumstances, and desiring to secure his wife upon her indebtedness, sought the advice of Albert M. Reinhardt, his attorney, (and who subsequently became the assignee) as to what course was necessary to pursue to carry out his object.

When informed by his attorney that it was neces-

sary for Mrs. Ebert to sign and swear to an affidavit to the mortgage, he said she was not in the city, and when he inquired of Mr. Reinhardt whether he (Reinhardt) could not sign and swear to such affidavit, Reinhardt replied that he could if he was so authorized by Mrs. Ebert, and suggested to Ebert to get such authority from his wife. Ebert said he would write to his wife, and then left.

After a sufficient time had elapsed for a letter to arrive by mail from Europe, Ebert made his appearance in the office of the attorney, and presented a letter addressed to the attorney, purporting to have been written by Mrs. Ebert, which Ebert said had been inclosed in a letter to him. This letter authorized Mr. Reinhardt to represent her in the matter of the indebtedness against her husband.

In pursuance of this letter, Mr. Reinhardt made the necessary affidavit to the chattel mortgage as her agent and attorney. It subsequently appeared that this letter was not written by Mrs. Ebert, nor did she have any knowledge of the same until her return to America, nor had she authorized Reinhardt to represent her.

It is also in evidence that Ebert had control of all of Mrs. Ebert's property, and was representing her as agent. It is now claimed that Ebert had, by virtue of his authority as agent, the right to delegate such powers to Reinhardt.

Estate of James Dair, Deceased.

*Yaple, Moos & McCabe*, for creditors.
*Ferd. Vogeler*, for Mrs. Ebert.

GOEBEL, J.

Whether Ebert was the agent, or had power to delegate such authority to Reinhardt, it is not necessary to determine.   Ebert did not act upon such authority, and Reinhardt did not assume to act upon Ebert's authority.   Reinhardt not being the agent or attorney of Mrs. Ebert, had no authority to make the affidavit to the chattel mortgage.   The chattel mortgage to Mrs. Ebert not having been sworn to by the mortgagee, her agent or attorney, as provided by section 4154 R. S., the same is void as against the creditors of the mortgagor.   *Hanes* v. *Tiffany*, 25 O. S. 549; *Blandy* v. *Benedict*, 42 O. S. 295.